IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TIMOTHY WOODS,<br>On Behalf of Himself And All<br>Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CAREMARK PHC, L.L.C. d/b/a<br>CVS CAREMARK CORPORATION<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No:<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Serve:
C T CORPORATION SYSTEM
120 South Central Avenue
Clayton MO 63105

## CLASS ACTION COMPLAINT

Plaintiff, individually and on behalf of all others similarly situated, by and through his counsel, for his Complaint against Defendant Caremark PHC L.L.C., d/b/a CVS Caremark, Inc. ("CVS"), hereby states and alleges as follows:

1. Defendant is the largest pharmacy health care provider in the United States with net revenues of approximately $127 billion.

2. Defendant employs approximately 200,000 employees nationwide. These employees make up Defendant's largest cost outside of inventory including prescriptions.

3. Defendant's policy and practice is to deny earned wages and overtime pay to its telephone-dedicated hourly employees at its call center facilities. Defendant's deliberate failure to pay call center employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA").

4. Plaintiff works as a call center employee at Defendant's call center located in Lee's Summit, Missouri.

5. This lawsuit is brought as a collective action under the FLSA to recover unpaid wages owed to Plaintiff and all other similarly situated workers employed in Defendant's call centers nationwide.

6. The United States Supreme Court has held that, among other things, preparatory work duties that are integral and indispensable to the principal work activity are compensable under the FLSA. *See IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005).

7. Plaintiff and similarly situated employees engage in numerous preparatory activities, as well as related work activities, performed at the beginning of the work day, over breaks and at the end of the work day, that are integral and indispensable for them to perform their duties. It is Defendant's policy and practice not to pay Plaintiff, and all other similarly situated call center employees for their work time and, consequently, Plaintiff, and all other similarly situated call center employees are consistently working "off the clock" and without pay. Accordingly, under the holding of *Alvarez*, as well as under consistent rulings and interpretations of the United States Department of Labor, Plaintiff and all similarly situated employees are entitled to compensation for the time they spend working pre-shift, post-shift and over unpaid breaks.

## JURISDICTION AND VENUE

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. This Court has jurisdiction over Plaintiff's state law claims pursuant to: (1) 28 U.S.C. § 1332(a) because the state claims are so related to the FLSA claims that they form part of the same case or controversy.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## PARTIES

11. Defendant is a Delaware corporation with its principal place of business in Rhode Island. Defendant does business in the State of Missouri and nationwide.

12. Plaintiff currently is a resident of Pleasant Hill, Missouri.

## GENERAL ALLEGATIONS

13. Defendant operates call centers in numerous states across the country. Upon information and belief, Defendant operates call centers in the following states, including, but not limited to: Missouri, Rhode Island, Tennessee, Texas, Ohio and Arizona. These call centers collectively employ thousands of class members.

14. The principal job duty of a Defendant telephone-dedicated call center employee is to take calls from or make calls to existing customers in order to provide customer service. The customer service provided by Defendant call center employees includes activating or updating accounts, assisting with billing inquiries, addressing billing, credit and collection issues and handling pharmacy insurance issues for insureds of numerous insurance companies and the government.

15. Defendant pays Plaintiff and its other call center employees on an hourly basis, and classifies Plaintiff and other call center employees as "non-exempt" under the FLSA. The

majority of Defendant's call center workers are full-time employees scheduled to work 40-hours per week.

16.     Defendant's call center employees are not allowed to accurately record all the time they work. According to Defendant's policy, telephone-dedicated call center employees must be ready to take or make a call at the beginning of their scheduled shift. A number of critical tasks must be performed before a call center employee is ready to take a call from or make a call to a customer. These tasks include: (1) logging on to a computer; (2) logging on to Defendant's network; (3) opening relevant computer programs and software applications; (4) reviewing memoranda and e-mail; (5) summarizing notes from previous telephone calls; and (6) completing other essential tasks. In accordance with Defendant's policy, call center employees are required, or encouraged to, complete these essential tasks before their shifts begin, during their designated lunch breaks, and after their shifts are completed.

17.     Call center employees are not permitted to, or encouraged not to, clock in until they are ready to take or make their first call of the day. Similarly, call center employees are required to, or encouraged not to, clock out immediately upon the conclusion of their last call of the day. Because Defendant's policy is to record only the time when call center employees are ready to take or make calls, it does not pay its call center employees for all the integral and indispensable tasks that are necessary for employees to provide telephone-dedicated customer service, including work performed pre-shift, post-shift and over unpaid meal breaks.

18.     Defendant could easily and accurately record the actual time call center employees spend working, for example, by placing a time clock at the door of the call center. Upon information and belief, Defendant adheres to the same policy and practice with respect to call center employees at all its other call centers nationwide.

19. Defendant's policy and practice fails to pay overtime compensation and willfully fails to keep accurate time records. Defendant enjoys ill-gained profits at the expense of its hourly employees.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

20. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 19 above.

21. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) defined as follows:

> all current and former hourly call center employees employed by Defendants who have worked at any time during the last three (3) years within the United States.

22. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

23. Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

24. Furthermore, Plaintiff Timothy Woods ("Class Representative") brings Counts II & III, Missouri state law claims, as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and as a representative of the following persons:

> all current and former hourly call center employees employed by Defendants who have worked at any time during the last five (5) years in the state of Missouri.

25. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

26. There are common questions of fact and law as to the class which predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

   a. Whether Plaintiff and all similarly situated individuals are compensated for all preparatory, conclusory, and other work-related activities;

   b. Whether Defendant's compensation policy and practice accounts for the time Plaintiff and all similarly situated individuals are actually working;

   c. Whether Defendant's policy violates Missouri state wage and hour laws; and

   d. Whether Defendant willfully violated state and federal wage and hour law.

27. The questions set forth above predominate over any questions that affect individual persons, and a class action is superior with respect to consideration of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

28. The Class Representative's claims are typical of those of the class, in that class members have been employed in the same or similar positions as the named Class

Representative and were subject to the same or similar unlawful practices as the named Class Representative.

29. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

30. Class Representative Woods is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the other members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Class Representative and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action litigation.

31. Maintenance of these claims as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Defendant by Plaintiff Individually and on Behalf of All Others Similarly Situated)**

32. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 31 above.

33. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

34. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 27(a)(1).

35. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

36. Defendant violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by its employees.

37. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or call center employees.

38. Plaintiff, and all similarly situated employees, are victims of a uniform and facility-wide compensation policy. Upon information and belief, this uniform policy, in violation of the FLSA, has been applied to all call center employees in Defendant's call centers, located nationwide.

39. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint,

plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

40. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

41. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly-situated employees demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; (5) notice to be sent to all eligible employees of their right to participate in this case; (6) a declaration that Defendant's policy violates the FLSA; (7) corrective notice; and (8) such other relief as the Court deems fair and equitable.

## COUNT II

### FAILURE TO PAY WAGES PURSUANT TO MO. REV. STAT. § 290.500, *et. seq.*

42. Plaintiff incorporates the foregoing paragraphs 1 through 41 as if fully set forth

herein.

43. Plaintiff and the class were employed by Defendant and were required to perform integral and indispensable work activities without pay, including overtime pay.

44. Said work often required Plaintiff and the class to work in excess of forty (40) hours per week.

45. Plaintiff and the class were treated as non-exempt employees by the Defendant under the Missouri wage statutes.

46. The Missouri wage laws require each covered employer, such as Defendant, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

47. All similarly situated employees working for Defendant are similarly situated in that they were subject to the same policy that did not compensate for all integral and indispensable work activities performed during the continuous workday.

48. These employees are similarly situated in that they are all subject to Defendant's identical compensation policies and plan that fails to lawfully compensate them.

49. This Petition is brought and maintained as a class action for all state law claims asserted by the Plaintiff because his claims are similar to the claims of the class members.

50. The names and addresses of the class members are available from Defendant. Defendant failed to compensate Plaintiff and the class members at the proper rate of pay, and therefore, Defendant has violated, and continues to violate, the Missouri wage laws, Mo. Rev. Stat. 290.500, *et. seq.,* including 8 C.S.R. 30-4.010 and 8 C.S.R. 30-4.020 (2).

51. The Plaintiff, on behalf of himself and all similarly situated employees of

Defendant, seeks damages in the amount of all respective unpaid minimum wages and straight time plus overtime compensations at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the Missouri Minimum Wage Maximum Hours Laws and such other legal and equitable relief as the Court deems just and proper.

52. The Plaintiff, on behalf of himself and all similarly situated employees of Defendant, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by Mo. Rev. Stat. 290.500, *et. seq.*

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all class members (the Missouri Wage Law class), apprising them of the pendency of this action;

b. Designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members;

c. A declaratory judgment that the practices complained of herein are unlawful under the Missouri Wage Laws, Mo Rev. Stat. 290.500, *et seq.* and an injunction against the same;

d. An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiffs and the class by the Defendant; or

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Costs and expenses of this action incurred herein;

g. Reasonable attorneys' fees and expert fees;

h. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT III
## QUANTUM MERUIT/UNJUST ENRICHMENT

53. Plaintiff realleges and incorporate by reference each and every allegation and averment set forth in paragraphs 1 through 52 of this Petition as though fully set forth herein.

54. Defendant has been and is being enriched by making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendant has been and is being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

55. Defendant intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendant knows or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendant.

56. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all class members (the Missouri Wage Law class), apprising them of the pendency of this action;

b. Designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. Costs and expenses of this action incurred herein;

e. Reasonable attorneys' fees and expert fees;

f. Pre-Judgment and Post-Judgment interest, as provided by law; and

g. Any and all such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

WILLIAMS DIRKS DAMERON LLC

/s/Eric L. Dirks
Eric L. Dirks MO Bar No. 54921
1100 Main Street, Suite 2600
Kansas City, MO 64105
(816) 876-2600
(816) 221-8763 (fax)
dirks@williamsdirks.com


THE HODGSON LAW FIRM, L.L.C.

 *s/ Michael Hodgson*
Michael Hodgson     Mo. Bar No. 63677
6 NW Main St.
Lee's Summit, MO 64063
Tel: (913) 890-3529
mike@thehodgsonlawfirm.com