IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

|  |  |
|---|---|
| **TIMOTHY WOODS & KIMBERLY GIBSON,** on behalf of themselves and all others similarly situated,<br>　　　　　　　　　Plaintiffs,<br>　　v.<br>**CAREMARK PHC, LLC, d/b/a/ CVS CAREMARK CORPORATION, CAREMARK, LLC, AND CVS PHARMACY, INC.,**<br>　　　　　　　　　Defendants. | Case No. 4:14-cv-583-SRB |

## ORDER

Before the Court is the Report and Recommendation (Doc. #273) issued by Magistrate Judge John T. Maughmer recommending that the Court grant Plaintiffs' Unopposed Motion for Final Settlement Approval (Doc. #271). The parties having waived the 14-day objection period allowed by 28 U.S.C. § 636(b)(1) and after an independent, de novo review of the record, the Court ADOPTS Judge Maughmer's Report and Recommendation (Doc. #273), which shall be attached hereto and made part of this Order, and GRANTS Plaintiffs' Unopposed Motion for Final Settlement Approval (Doc. #271).

In accordance with Judge Maughmer's recommendation and after an independent, de novo review of the record and due deliberation, this Court hereby ORDERS:

1. This Order ("Approval Order") will be binding on the Settlement Class as defined in the Settlement.

2. The Settlement was negotiated at arm's length after lengthy litigation and is fair, reasonable, and adequate; is in the best interests of the Settlement Class; provides adequate relief to the Settlement Class; treats class members equitably; and should be, and hereby is, approved, especially in light of the benefits to the class accruing from the discovery, investigation, and litigation conducted by Class Counsel prior to the proposed

1

Settlement, and the complexity, expense, risks, and probable protracted duration of further litigation.

3. The Notices of Settlement sent to Class Members via First Class Mail and electronic mail adequately informed the Class of the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice of Settlement and Class Notice and Claim Form also adequately informed Opt-in Plaintiffs and Class Members of additional resources available to obtain further information, including the telephone number of Class Counsel and the Settlement Administrator. The Court finds that the Notice of Settlement and Class Notice and Claim Form satisfied the requirements of Rules 23(c)(2)(B) and 23(e)(1).

4. Defendant shall issue payment, via the Settlement Administrator, to all Settling Plaintiffs in accordance with the Settlement Agreement.

5. All members of the Settlement Class shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against Defendants for any Released Claims consistent with the terms of the Settlement Agreement.

6. Plaintiff's request for service payments to Named Plaintiffs, who have adequately represented the Class, and other individuals as set forth in the Settlement is hereby approved, and Defendants shall issue such payments, via the Settlement Administrator, in accordance with the Settlement Agreement.

7. Class Counsel has adequately represented the Class. Their application for an award of attorneys' fees and reimbursement of costs as set forth in the Motion for Final Settlement Approval is hereby approved, and Defendants shall issue such payment in accordance with the Settlement Agreement.

8. The Settlement Administrator shall be paid in accordance with the Settlement Agreement.

9. No objectors appeared at the final approval hearing or filed a formal objection. One Class Member, Clarissa Singson, wrote a letter to Plaintiffs' Counsel which was characterized as an objection, but she did not file an objection or appear at the hearing. Because she did not file an objection or appear at the hearing, her letter is deemed to not be an objection. Nonetheless, even if the objection were deemed a formal objection, it is overruled on its merits.

10. This litigation is hereby DISMISSED with prejudice with respect to participating class members without costs to any party, except to the extent otherwise expressly provided in the Settlement Agreement and as otherwise ordered herein.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 8, 2019